IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


DANIEL GUTIERREZ,

      Plaintiff,

vs.                                            CIV NO. 02-582 MCA/ACT


ALBUQUERQUE POLICE K-9 OFFICER P.E. HACKETT,
ALBUQUERQUE POLICE K-9 SERGEANT THOMAS GARDUNO,
and the CITY OF ALBUQUERQUE, NEW MEXICO,

      Defendants.


## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on two motions filed by Defendant Officer P.E. Hackett to Strike Plaintiff's Expert Testimony for failure to follow the deadlines in the Initial Pretrial Order. (Doc. Nos. 66 and 70). The United States Magistrate Judge, having reviewed the Motions, the Responses and Replies and the attached exhibits, and having held a hearing on the issue of how the deadlines were determined in the Initial Pretrial Order and what transpired both during and after the Initial Pretrial Conference, finds that the Motions to Strike are well taken and recommends that they both be GRANTED. Plaintiff has also moved for a telephonic conference to schedule the expert's deposition. (Doc. No. 79). In light of the recommended disposition of the Motions to Strike, Plaintiff's Motion is now moot and the Magistrate Judge recommends that

it be DENIED.

<p style="text-align:center;">PROPOSED FINDINGS</p>

1. This case was referred to Judge Don J. Svet, U.S. Magistrate Judge, for discovery proceedings. Judge Svet conducted a Federal Rule of Procedure 16 Initial Pretrial Conference on September 12, 2002. Attorneys Joe Kennedy and Brad Hall were present, representing the Plaintiff. Kathryn Levy, Deputy City of Albuquerque Attorney, was present for the Defendants City of Albuquerque and Sergeant Garduno. Attorney Luis Robles attended as counsel for Defendant Officer Hackett. At the conference Mr. Robles announced that his law firm was withdrawing as counsel for Defendant Hackett and would be replaced by the Downes law firm.

2. The Parties filed a Provisional Discovery Plan with the Court on August 21, 2002 that proposed discovery and motion deadlines and Rule 26(a)(2)(B) deadlines for expert reports for all parties. (Doc. No. 9). The Provisional Discovery Plan proposed that reports from retained experts were due from Plaintiff by November 15, 2002 and from Defendants by December 13, 2002.

3. At the conference, Judge Svet informed counsel orally that the following deadlines were set: Discovery was to end by January 10, 2003; Motions related to discovery were to be completed and filed by February 17, 2003; Plaintiff was to identify any expert witness to be used at trial and to provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) by November 15, 2002; all other parties were to identify their expert witnesses and provide expert reports by December 13, 2002.

4. Judge Svet directed the attorneys to revise the Initial Pretrial Report (IPTR),

substituting Defendant Hackett's new counsel and to re-submit the IPTR within ten (10) days. Judge Svet's handwritten report of what transpired at the Rule 16 conference was filed as Docket No. 16 in the court file. It noted that deadlines had been set and that a revised IPTR was to be submitted.

5. The Court takes judicial notice of notes in Judge Svet's chamber's file that the revised IPTR was due to the Court on September 22, 2002. The notes in the file also indicate that a law clerk from Judge Svet's chambers called counsel on October 3, 2002, reminding them that the revised IPTR was overdue and needed to be submitted to the Court.

6. Some written discovery took place during the fall and winter of 2002, the parties made Initial Disclosures (Doc. Nos. 11, 13, & 14), and Plaintiff made Supplemental Disclosures (Doc. Nos. 20 & 23). However, no depositions were taken and no expert reports were provided pursuant to Fed. R. Civ. P. 26(a)(2)(B) by any of the parties.

7. Counsel for Plaintiff realized in early December 2002, that a revised IPTR had never been entered in the case and contacted Ken Downes, counsel for Officer Hackett, who began re-drafting the IPTR in mid December 2002, and circulating it to the other attorneys for their input or approval.

8. A final revised IPTR was delivered to the Court on January 17, 2003. A cover letter from Brad Hall, one of the attorneys for the Plaintiff, addressed to Judge Svet stated, "I believe we need a new schedule imposed on the case. I do not believe there is an order in place with any deadlines in the case."

9. Judge Svet took no action regarding Plaintiff's request for a new schedule or an extension of the discovery deadlines. Instead the original discovery deadlines were inserted into

the Initial Pretrial Report and the report was circulated to the District Court Judge who assigned a trial date of November 3, 2003. The IPTR was entered on the docket on February 27, 2003. By the time the IPTR was entered on the Docket, the deadlines for the termination of discovery as well as the deadlines for the reports from any experts had passed.

10. Counsel for the Plaintiff acknowledged at the hearing that an expert, Vanness H. Borgadus, had been retained for the Plaintiff prior to the filing of the lawsuit. The proposed expert was identified in the draft of the first IPTR which was circulated among the attorneys, in the final draft of the IPTR and in Plaintiff's Initial Disclosures. However, the Plaintiff did not submit the reports required by Fed. R. Civ. P. 26(a)(2)(B) by November 15, 2003.

11. Documents compiled by Mr. Borgadus in a similar case dog bite case, in which he had been retained as an expert and employed by the same counsel representing Plaintiff in the instant case, were delivered to the Defendants as part of Plaintiff's Supplemental Disclosures. However, the documents provided were factual databases and did not include any analytical portions.

12. Neither Defendant Hackett nor his counsel had been involved in the previous dog bite case in which Mr. Borgadus had been retained and testified as an expert[1]. Defendant Hackett had no opportunity to observe the trial testimony of Mr. Borgadus, take a deposition from Mr. Borgadus, or analyze any reports generated by Mr. Borgadus because his counsel had not been involved in any previous case in which Mr. Borgadus had been an expert witness.

13. The only "expert report" submitted by the Plaintiff was Mr. Borgadus's Affidavit

---

[1] Plaintiff's argument that Defendants haven't been prejudiced by the failure to provide an expert report in this case because Mr. Borgadus testified against he City of Albuquerque in another case, and that his testimony was observed by Ms. Levy, the City's attorney in this case, is disingenuous at best and ignores the fact that Defendant Hackett was not a party to the other case and that Hackett's attorney was not involved in the other case.

dated April 14, 2003 attached as an exhibit to Plaintiff's Response to Defendant Hackett's Motion for Summary Judgment. Defendant Hackett filed a Motion to Strike Plaintiff's Expert Testimony. Defendant Hackett, in his request for relief in his motion (Doc. No. 66), sought to strike Mr. Borgadus's affidavit submitted as an exhibit with Plaintiff's Response to the Motion for Summary Judgment (Doc. No. 52) and sought an order prohibiting Plaintiff from offering any expert testimony in this case.

14. Plaintiff offered to submit a videotape as Exhibit 8 to his Response to Defendant Hackett's Motion for Summary Judgment. The videotape, which is entitled the "Drameeco Kindle Videotape", purports to show what police dog experts have testified is a typical apprehension by a dog. Defendant Hackett filed a Motion to Strike the videotape as an exhibit to Plaintiff's Response to the Motion for Summary Judgment (Doc. No. 52). Plaintiff states that the videotape, which is about a teen hiding from police who is found by a police dog, was made by a Japanese TV crew in the Los Angeles area and is unrelated factually to this case.

15. Fed. R. Civ. P. 16 requires that "a magistrate judge when authorized by district court rule, shall, ... enter a scheduling order that limits the time ... (3) to complete discovery. The scheduling order may also include (4) modifications of the times for disclosures under Rules 26(a) and 26(e)(1) ... . The order shall issue as soon as practicable but in any event within 90 days after the appearance of a defendant and within 120 days after the complaint has been served on a defendant. A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge."

16. Local Civil Rules for the District of New Mexico authorize magistrate judges to conduct scheduling conferences. By practice, they are called initial pretrial conferences. Local

Civil Rule 16.1, Initial Pretrial Report, states "any deadlines established in the Initial Pretrial Report will govern actions in pretrial matters once the report is entered by the Court. Any modification of the deadlines, whether or not opposed, will require a showing of good cause and Court approval."

17. The deadlines, contained in the IPTR, were entered orally by Judge Svet on September 12, 2002 at the initial pretrial conference. The parties were to memorialize the deadlines and the other matters discussed at the initial pretrial conference in writing in a revised IPTR. Although an IPTR had been submitted in accordance with the Local Civil Rules for the District of New Mexico at the time of the initial pretrial conference, Judge Svet ordered the parties to submit a revised IPTR because of the anticipated change of counsel for Defendant Hackett within ten days.

18. The parties failed to submit a revised IPTR within the time designated. Nevertheless, the deadlines entered orally by Judge Svet continued to apply to and control the timing of the discovery in this case.

19. A scheduling order may only be modified by leave of the Court. Judge Svet was presumably aware of the oversight by the parties in not timely resubmitting the IPTR and in not complying with its deadlines in view of the cover letter accompanying the revised IPTR, yet declined to impose a new schedule or modify the deadlines he had previously entered orally.

20. Counsel for the Plaintiff was aware that the revised IPTR had not been entered by December 2002 (Exhibit D to Plaintiff's Response, Doc. No. 74 ) and that the dates initially set by Judge Svet had not been complied with when the IPTR was resubmitted (Exhibit H to Plaintiff's Response, Doc. No. 74). However, at no time did counsel for Plaintiff seek a stipulation with

counsel for the Defendants regarding new discovery dates.  Nor did counsel for Plaintiff file a motion to extend the deadlines for discovery or for disclosure of expert's reports until Defendant Hackett filed the Motion to Strike Plaintiff's expert testimony.

21.  The IPTR, although not entered on the docket until February 27, 2003, contained the deadlines for the termination of discovery and the exchange of the reports from experts proposed to be used at trial.  The fact that the Initial Pretrial Order was not actually filed until after the deadlines had passed did not make the deadlines invalid.  As noted above, the deadline were as proposed by the parties in the Provisional Discovery Plan and as adopted by Judge Svet at the Rule 16 Initial Pretrial Conference.

## PROPOSED CONCLUSIONS OF LAW

1.  The Court has broad discretion to preserve the integrity of its scheduling orders.  To determine whether good cause exists to modify a scheduling Order's deadlines, the Court looks to four factors:

> (1) the explanation for the party's failure to comply with the discovery or scheduling Order;
>
> (2) the prejudice to the opposing party of allowing the witnesses to testify;
>
> (3) the possibility of curing such prejudice by granting a continuance; and
>
> (4) the importance of the witnesses' testimony.

*Barrett v. Atlantic Richfield Company*, 95 F. 3d 375, 380 (5th Cir. 1996).

2.  The Plaintiff failed to comply with the deadlines in the Initial Pretrial Order and could not offer the Court a reasonable explanation for the failure to comply with the deadlines.

3. The Defendants, and particularly Defendant Hackett, will be prejudiced by allowing an undisclosed expert witness, from whom they have not received timely reports, to testify against them.

4. A continuance of this trial would not be in the interest of justice. The parties knew from September 12, 2002, that this case was on the standard track classification and that trial would be scheduled as soon as possible after the deadline for dispositive motions. The case is a fairly simple dog bite case which is similar to other cases which have been tried in this district.

Following straightforward scheduling deadlines is essential to the integrity of the court proceedings. A continuance would merely delay justice and increase the cost of litigation. Moreover, a continuance would not discourage future dilatory behavior by parties or their counsel.

5. An oral order is valid and binds the parties even though a written order has not yet been entered on the docket. *Lazy Flamingo, USA, Inc. v. Greenfield*, 834 So.2d 413 (Ct. App. Fla. 2003); *Dalton v. Bowers*, 53 F. 2d 373 (2nd. Cir. 1931).

6. An order is "entered", as that term is used in Local Civil Rule 16.1, when it is pronounced by the judge either orally or later in a written opinion. Its formal entry on the docket is a ministerial act which relates back to the oral order of the court. *See, e.g., Ex parte Cole*, 778 S. W. 2d 599 (Ct. App. Tx. 1989).

7. Mr. Borgadus's affidavit, attached as Exhibit 7 to Plaintiff's Response to Defendant Hackett's Motion for Summary Judgment, is stricken because the Plaintiff failed to comply with the deadlines established in the Initial Pretrial Order to identify his experts and provide the expert's report as required by Fed. R. Civ. P. 26(a)(2)(B).

8. Plaintiff will not be allowed to present the testimony of his offered expert, Mr. Borgadus, at trial because he failed to comply with the deadlines established in the Pretrial Order to provide the expert's report as required by Fed. R. Civ. P. 26(a)(2)(B).

9. The "Drameeco Kindle" videotape is stricken as an exhibit offered with the Plaintiff's Response to Defendant Hackett's Motion for Summary Judgment because it is hearsay. The determination whether it may be introduced into evidence at the trial will be made by the trial judge.

## RECOMMENDED DISPOSITION

IT IS HEREBY RECOMMENDED that Defendant Hackett's Motions to Strike the Plaintiff's Expert testimony should be GRANTED. IT IS FURTHER RECOMMENDED that Defendant Hackett's Motion to Strike the offered "Drameeco Kindle" videotape as an exhibit in support of their Response to a Motion for Summary Judgment should be GRANTED. IT IS FURTHER RECOMMENDED that the Plaintiff's Motion for a Telephonic Conference to schedule depositions and reports should be DENIED as it is now moot.

## NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections to with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. §636 (b)(1). A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed

findings and recommendations.  If no objections are filed, no appellate review will be allowed.

                                                                                                         _____
                                                                                                          ALAN C. TORGERSON
                                                                                                          UNITED STATES MAGISTRATE JUDGE